First School District of Pennsylvania to use of
Charles Krause, Appellant, v. Frederick H.
Green, Principal, Hartford Accident and
Indemnity Company, Surety.

*Practice—Municipal Court—Auditor's report—Exceptions—Petition
to file exceptions nunc pro tunc—Refusal.*

A petition to allow exceptions to an auditor's report to be filed,
nunc pro tunc, is properly refused, where three months have elapsed
since the confirmation of the report, and payments have been made
in accordance therewith.

Argued November 12, 1925. Appeal No. 277 October
T., 1925, by plaintiff, from decree of Municipal
Court of Philadelphia October T., 1922, No. 1053,
in the case of First School District of Pennsylvania
to use of Charles Krause v. Frederick H. Green, Prin-
cipal, Hartford Accident and Indemnity Company,
Surety. Before Porter, Henderson, Trexler, Keller,
Linn and Gawthrop, JJ. Affirmed.

Assumpsit on surety bond. Before Walsh, J.

Petition to allow exceptions to be filed nunc pro
tunc.

The Court dismissed the petition. Petitioner ap-
pealed.

*Error assigned,* among others, was the order of the
Court.

*James Yearsley,* for appellant.

No appearance and no printed brief for appellee.

Per Curiam, December 14, 1925:

This is an appeal from a decree of the court below
confirming absolutely the report of an auditor ap-
pointed to distribute a fund paid into court by the
surety in this proceeding. The report of the auditor

stated that he had mailed to the creditors and to the attorneys who had presented claims, notice that his report was prepared and ready for inspection and the filing of exceptions, and that unless exceptions were filed on or before the 20th of January 1925, the report would on that day be filed. No exceptions were filed to the report, with the auditor or in court, and it was duly filed on the day fixed and subsequently confirmed absolutely by the court. It is important here to observe that this appellant does not, in any of the belated exceptions and affidavits filed by him, allege that he did not receive the notice mailed by the auditor. The matter thus rested for almost three months, when appellant having made a change of counsel, moved the court for leave to file exceptions nunc pro tunc, which motion was refused. The confirmation of the report of the auditor and the refusal of the court, three months later, to allow the appellant to file exceptions nunc pro tunc are assigned for error. The order of the court confirming the report of the auditor directed the clerk of the court to make distribution of the fund in accordance with the findings of the report. The history of the case, as printed by the appellant, states that, at the time the appellant asked leave to file exceptions nunc pro tunc, the clerk had made payments out of the fund in accordance with the terms of the order. The appellant having failed to file exceptions to the report of the auditor, the court did not err in approving that report, nor in refusing, in the existing circumstances, to allow exceptions to be filed nunc pro tunc.

The appeal is dismissed.